IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., Plaintiff, vs. CANTINA EL SOL, LLC, d/b/a DON GABY'S SPORTS BAR, and JOSE MANUEL ALFERES, Defendants. | 8:22–CV–113 ORDER REGARDING PLAINTIFF'S LACK OF SUPPORTING DECLARATION |

After this Court entered final judgment in favor of Joe Hand Promotion (JHP) on May 4, 2023, Filing 42, JHP filed a timely Motion for Attorneys' Fees and Costs, Filing 43, on May 10, 2023. In this Motion, JHP makes repeated reference to a "declaration" that it claims to have included as an attachment. *See* Filing 43 at 1, 5; *see also* Filing 43-7. For example, JHP's Motion says, "As described in more detail in the attached declaration from Plaintiff's counsel, Plaintiff seeks $12,015.00 in attorney's fees in connection with the instant matter. *See* Declaration of Ryan R. Janis." Filing 43 at 5. The Court notes that although JHP included seven attachments along with its Motion for Attorney's Fees, a declaration from Ryan R. Janis is not one of them. *See* Filing 43-1–Filing 43-7.

This Court's local rules require that when a party files a motion seeking attorney's fees and related nontaxable expenses, it "must support the application with appropriate and reliable evidence and authority including affidavits and any written argument." NECivR 54.3(b). The local rules likewise require that, "[e]xcept in Criminal Justice Act cases, attorneys must file affidavits or other evidence in support of claimed hourly rates and hours." NECivR 54.4(c). Although JHP has submitted a number of attachments in support of its Motion for Attorneys' Fees and Costs,

1

including what appears to be a billing sheet related to this case (*see* Filing 43-5), JHP has not filed an affidavit or declaration that purports to authenticate any of these attachments. *See* NECivR 7.1(a)(2)(C) ("An affidavit must identify and authenticate any documents offered as evidence. The affidavit must be made on personal knowledge, set forth facts that would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated, and identify the related motion").

To the extent that JHP intends to file this declaration belatedly, it shall do so no later than tomorrow, May 12, 2023. JHP shall also include a supporting memorandum explaining in sufficient detail why its failure to include this attachment on time is the result of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). The Court notes that this is not the first time this same attorney representing this same party has failed to file a supporting declaration along with its request for attorneys' fees. *See Joe Hand Promotions, Inc. v. Carrier Ent., LLC*, No. 4:19-CV-3059, 2019 WL 6683135, at *1 (D. Neb. Dec. 6, 2019) (noting that this Court "denied Joe Hand's request for attorney fees . . . due to its failure to support its application with a detailed affidavit as required under" the local rules). If the Court is not convinced that JHP's failure to file this declaration is the result of excusable neglect, the Court does not intend to consider this belated declaration.

The Court also extends Defendants' deadline to respond to this Motion for Attorneys' Fees and Costs, which was previously set to expire on May 24, 2023. *See* Filing 41 at 1. Defendants now have until May 30, 2023, to submit their response to this Motion.

Dated this 11th day of May, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge