IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CANTINA EL SOL, LLC, d/b/a DON GABY'S SPORTS BAR, and JOSE MANUEL ALFERES,<br><br>Defendants. | **8:22–CV–113**<br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS** |

On May 4, 2023, this Court granted summary judgment in favor of plaintiff Joe Hand Promotions, Inc. (JHP), and against defendants Cantina El Sol, LLC, d/b/a Don Gaby's Sports Bar, and Jose Manuel Alferes (collectively, Defendants) in the amount of $1,500.00. *See* Filing 42; *see also* Filing 39; Filing 41. This matter is now before the Court on JHP's Motion for Attorneys' Fees & Costs. Filing 43. JHP seeks a total of $12,627.00 based upon $12,015.00 in attorney's fees, $402.00 for the cost it incurred to file this lawsuit, and $210.00 for the cost it incurred by serving the summons and Complaint on Defendants. Filing 43 at 4–5. Defendants oppose the Motion. Filing 47 at 1. The Court grants JHP's Motion for the reasons explained in the body of this Order.

## I. BACKGROUND

### A. Factual Background

The relevant facts underlying this case are set forth in this Court's prior Orders dated April 26, 2023 (Filing 39), May 4, 2023 (Filing 41), and May 11, 2023 (Filing 44). In addition to the facts set forth below, the Court adopts the facts set forth in these prior Orders for purposes of ruling on this Motion. *See generally* Filing 39; Filing 41; Filing 44.

### B. Preliminary Resolutions

Before addressing the substance of JHP's Motion, the Court will first address a preliminary matter. When JHP filed its Motion for Attorneys' Fees & Costs, it also submitted 34 pages of evidentiary materials in support of its position. *See* Filing 43-1–Filing 43-6. However, as noted in a prior Order dated May 11, 2023, JHP failed to file a sponsoring declaration that authenticated the evidentiary materials it sought to have considered along with its request for attorneys' fees and costs. *See* Filing 44 at 1–2. Such declarations are required by this Court's local rules. *See* NECivR 54.3(b); NECivR 54.4(c). Upon noticing that no such declaration had been filed, the Court issued an Order stating, "To the extent that JHP intends to file this declaration belatedly, it shall do so no later than tomorrow, May 12, 2023. JHP shall also include a supporting memorandum explaining in sufficient detail why its failure to include this attachment on time is the result of excusable neglect." Filing 44 at 2 (citing Fed. R. Civ. P. 6(b)(1)(B)). The Court cautioned that if it was "not convinced that JHP's failure to file this declaration is the result of excusable neglect, the Court [did] not intend to consider this belated declaration." Filing 44 at 2. The Court also extended the deadline for Defendants to respond from May 24, 2023, to May 30, 2023. Filing 44 at 2.

JHP submitted a sponsoring affidavit that conformed with this Court's local rules as well as a memorandum addressing the excusable neglect standard on May 12, 2023. *See* Filing 45; Filing 46. In JHP's memorandum, it stated that the failure to file the declaration "was simply a filing mistake and constitutes excusable neglect under Fed. R. Civ. P. 6(b)(1)(B)." Filing 46 at 1. JHP then asserted that each of the four factors courts commonly use to assess excusable neglect weighed in favor of finding excusable neglect. *See* Filing 46 at 2.[1] Of particular note, JHP also informed the Court that "Plaintiff's counsel recently underwent an 8-hour, open brain craniotomy

[1] The Court will refer to these factors as the *Pioneer* factors given that they derive from the Supreme Court's decision in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

surgery on April 28, 2023"—less than two weeks before he submitted the Motion for Attorneys' Fees & Costs. *See* Filing 46 at 2. Defendants argue that JHP has failed to demonstrate excusable neglect. Filing 47 at 2. In their view, JHP's failure to submit the sponsoring affidavit reflects "'garden variety' neglect on the part of the Plaintiff's counsel." Filing 47 at 4. Defendants therefore urge the Court to "disregard the Plaintiff's declaration as untimely [and] overrule [JHP's] motion for attorney fees and costs." Filing 47 at 5.

Rule 6(b)(1) of the Federal Rules for Civil Procedure permits courts to extend the deadline for filing matters. Fed. R. Civ. P. 6(b)(1). However, when the deadline for doing so has already passed, a party must demonstrate that it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 392). In determining whether a party has demonstrated "excusable neglect" under Rule 6(b)(1)(B), courts consider four factors to be "particularly important." *Chorosevic*, 600 F.3d at 946. These four factors are as follows: (1) the possibility of prejudice to the non-moving party, (2) the length of the delay and the possible impact of that delay on judicial proceedings; (3) the moving party's reasons for delay, including whether the delay was within her reasonable control; and (4) whether the moving party acted in good faith. *Chorosevic*, 600 F.3d at 946; *see also* *Sugarbaker v. SSM Healthcare*, 187 F.3d 853, 856 (8th Cir. 1999). The party seeking consideration of an untimely filing bears the burden of establishing excusable neglect. *See* *Precision of New Hampton, Inc. v. Transtar Indus., Inc.*, No. C14–2067, 2015 WL 12911989, at *1 (N.D. Iowa Nov. 30, 2015) (recognizing that a party who submits an untimely response to a motion for summary judgment "has the burden of showing it

failed" to do so "because of 'excusable neglect' and that there is 'good cause' to grant its request for extension of time"). District courts are afforded discretion in determining whether there is excusable neglect. *See Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951–52 (8th Cir. 2019); *Guthrie v. Eber*, 431 F. App'x 519 (8th Cir. 2011) (per curiam).

Having considered the parties' submissions, the Court finds that JHP has demonstrated excusable neglect, and the Court will therefore consider its late-filed declaration (Filing 45). The first *Pioneer* factor—which considers the possibility of prejudice to Defendants—weighs in JHP's favor. *See Chorosevic*, 600 F.3d at 946. JHP correctly notes that the declaration was filed two days late and the Court granted Defendants an extra six days to respond. Filing 46 at 2; *see also* Filing 44 at 2. JHP's Motion and other evidentiary materials were timely submitted; the only thing missing was the authenticating declaration. *See generally* Filing 43-1–43–6. Defendants did not articulate any particular prejudice either. *See generally* Filing 47. The second *Pioneer* factor—which considers the length of the delay and the possible impact of the delay on judicial proceedings—weighs in JHP's favor for similar reasons. *See Chorosevic*, 600 F.3d at 946. Although this did result in an aggregate delay of eight days, this relatively brief interruption did not substantially impact the resolution of the matter. Defendants have not made any arguments to the contrary in their brief. Skipping ahead, the fourth *Pioneer* factor—whether the moving party acted in good faith—also weighs in favor of excusable neglect. *See Chorosevic*, 600 F.3d at 946. JHP states that it acted in good faith because it had already prepared the declaration and intended to file it as an attachment, but inadvertently failed to do so as the result of a filing mistake. Filing 46 at 2. The record supports this assertion. The fact that JHP's Motion makes frequent reference to this declaration indicates that JHP drafted such a declaration and intended to timely submit it

along with the other attachments.[2] Moreover, Defendants do not argue that JHP acted in bad faith. *See generally* Filing 47. For the foregoing reasons, the Court concludes that the first, second, and fourth *Pioneer* factors weigh firmly in favor of finding excusable neglect.

The Court now turns to the third *Pioneer* factor which considers the reasons for the delay and whether the delay was in JHP's control. *See Chorosevic*, 600 F.3d at 946. Defendants focus their argument on this factor, *see* Filing 47 at 3–5, which is understandable given the Eighth Circuit's insistence that a "party's reason for the delay is critical to [the] inquiry." *Morgan v. Vogler L. Firm, P.C.*, 793 F. App'x 460, 461 (8th Cir. 2020) (per curiam) (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). JHP provides the following explanation relevant to this factor:

> Plaintiff inadvertently failed to file the declaration despite having prepared the filing in conjunction with the Motion for Attorneys' Fees and Costs and simply failed to attach it to the filing. It is clear from the Motion itself and the exhibits that the declaration was prepared and was intended to be filed. Plaintiff's counsel recently underwent an 8-hour, open brain craniotomy surgery on April 28, 2023 and has returned to work but unintentionally failed to attach the declaration when filing the Motion.

Filing 46 at 2.

In their opposition filing, Defendants do not address or even acknowledge the fact that JHP's counsel underwent such a significant surgery less than two weeks before the filing deadline. *See generally* Filing 47. Nevertheless, they insist that "[t]he reason given by [JHP] for failing to timely file the declaration is really no explanation whatsoever." Filing 47 at 5. The Court pointedly disagrees and finds that under these circumstances a measure of grace is warranted. This is

[2]Specifically, JHP's Motion for Attorneys' Fees & Costs references this declaration twice. *See* Filing 43 at 1, 5. In the first instance, JHP states: "Plaintiff now submits this Motion and supportive Declaration of Ryan R. Janis, Esq." Filing 43 at 1. In the second instance, JHP states: "As described in more detail in the attached declaration from Plaintiff's counsel, Plaintiff seeks $12,015.00 in attorney's fees in connection with the instant matter. *See* Declaration of Ryan R. Janis." Filing 43 at 5.

especially so given that excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Jefferson v. Hicks*, 364 F. App'x 281, 283 (8th Cir. 2010) (internal quotation marks and citations omitted). Rather, "[e]xcusable neglect 'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000) (quoting *Pioneer Inv. Services Co.*, 507 U.S. at 394). That is what we have here.

It is clear that JHP drafted this declaration and intended to submit it along with its Motion and other evidentiary attachments, but—at worst—negligently failed to include the declaration when it timely filed the other documents. Excusable neglect "does not require a showing that the party was without fault[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 857 (8th Cir. 2010). JHP also promptly corrected this deficiency after it was noted by the Court in accordance with this Court's directive to do so. *See* Filing 44 at 1. The Court therefore finds that the third *Pioneer* factor weighs in favor of finding excusable neglect. Because each of the four *Pioneer* factors all point in the same direction, this Court finds there is excusable neglect and the Court will consider JHP's late-filed declaration (Filing 45). This, in turn, permits the Court to consider the evidentiary materials that this declaration authenticates. *See* Filing 43-1–43-6.

## II. LEGAL ANALYSIS

### A. Applicable Standards

As the Court previously ruled, Defendants are liable on the claim JHP brought pursuant to 47 U.S.C. § 553. *See* Filing 39 at 15–17. This statute also provides that a court "may . . . direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 553(c)(2)(C). Thus, "[a]n award of attorneys' fees under § 553(c)(2)(C) is not mandatory but is left to the discretion of the court." *J & J Sports Prods., Inc. v. Brewster "2" Cafe, LLC*, No. 4:11-CV-00690-SWW, 2014 WL 4956501, at *7 (E.D. Ark. Oct. 2, 2014) (citing

*International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1009–10 (2nd Cir. 1993)). "To calculate reasonable attorneys' fees, federal courts begin by employing the lodestar method, which multiplies the number of hours worked by the prevailing hourly rate." *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021) (cleaned up). "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554, (2010). "Although the district court need not explicitly state which hours it finds reasonable, it must at least calculate the hourly rate and the reasonable number of hours worked." *Vines*, 9 F.4th at 856. "A district court should exclude hours that were not 'reasonably expended' from its calculations and may reduce a fee award if a plaintiff does not obtain all the relief she sought." *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019) (cleaned up).

**B. Discussion**

*1. The Prevailing Hourly Rate*

"'The burden is on the moving party to provide evidence supporting the rate claimed.'" *Pocket Plus, LLC v. Pike Brands, LLC*, 53 F.4th 425, 436 (8th Cir. 2022) (quoting *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003)). JHP asks that this Court calculate the lodestar by applying an hourly rate of $300.00 for work performed by JHP's counsel and an hourly rate of $150.00 for work performed by the paralegal assigned to this case. *See* Filing 43 at 5; Filing 45 at 2. Defendants take issue with the $300.00 hourly rate claimed by JHP's counsel, but they do not dispute the reasonableness of a $150.00 hourly rate for work performed by a paralegal. See Filing 47 at 6. Moreover, JHP has provided evidence that the paralegal who performed work on this case has over 10 years of experience. Filing 45 at 2. The Court finds $150.00 per hour for paralegal services to be reasonable and appropriate. See *BMO Harris Bank*

*N.A. v. L & O Trucking, LLC*, No. 8:19CV28, 2019 WL 13235527, at *4 (D. Neb. Sept. 10, 2019) (noting that "[h]ourly fees for paralegal services ranging from $100-$175 per hour have been found reasonable" in the Omaha, Nebraska metropolitan area).

As for the $300.00 claimed hourly rate for work performed by an attorney, JHP acknowledges that "[t]his rate is a slight increase from the hourly rate approved more than three (3) years ago by this Court for Plaintiff's counsel[.]" Filing 45 at 2. *See Joe Hand Promotions, Inc. v. Hanna Realty LLC*, No. 7:19-CV-5008, 2020 WL 1848223, at *3 (D. Neb. Apr. 13, 2020) (the undersigned Judge approving an hourly rate of $250.00 for this exact same attorney performing similar work on behalf of the exact same client); *Joe Hand Promotions, Inc. v. Carrier Ent., LLC*, No. 4:19-CV-3059, 2019 WL 6683135, at *1 (D. Neb. Dec. 6, 2019) (same). Defendants do not directly dispute the reasonableness of a $250.00 hourly rate, but they argue that JHP has failed to satisfy its burden of justifying an hourly rate of $300.00. *See* Filing 47 at 6. Defendants argue that JHP's counsel "practices law primarily in Pennsylvania" and has not cited any cases where a "court approved $300 per hour for piracy cases in Nebraska." Filing 47 at 6.

Drawing on its intimate familiarity the local bar, the Court finds that an hourly rate of $300.00 is reasonable under the circumstances. *Childress*, 932 F.3d at 1172. The Court further observes that much has changed in the economy since this Court approved a $250.00 hourly rate for this attorney in 2020. Since then, this Nation has experienced a rapid rise in inflation.[3] For the foregoing reasons, the Court finds an hourly rate of $300.00 to be reasonable.

[3] The Court takes judicial notice of the Bureau of Labor Statistics' CPI Inflation Calculator that is publicly available on its website. *See* https://bls.gov/data/inflation_calculator.htm (last visited June 30, 2023). According to the Bureau of Labor Statistics, $250.00 in April of 2020 has the same buying power as $295.80 in April of 2023.

*2. The Number of Hours Worked*

The Court now turns to the number of hours worked. In reaching this determination, courts are permitted to "rely on reconstructed time entries to calculate the hours worked if those entries satisfactorily document the time." *Childress*, 932 F.3d at 1172 (cleaned up). However, courts "should exclude hours that were not 'reasonably expended' from its calculations, and may reduce a fee award if a plaintiff does not obtain all the relief [it] sought." *Id.* (internal quotations and citations omitted). JHP claims a total of 41.6 hours were expended in connection with this litigation. *See* Filing 43-5 at 3 (attributing 38.5 hours to JHP's attorney and 3.1 hours to a paralegal). In support of this figure, it included a two-page spreadsheet which details the date services were performed, the matter the services relate to, the staff member who performed the services, a description of the services that were rendered, and the time spent on each particular task. *See* Filing 43-5 at 2–3. Notably—and correctly—JHP does not seek attorneys' fees for the time spent correcting its initial failure to file a declaration. *See* Filing 43-5 at 3.

Defendants do not contest JHP's billing practices, nor do they suggest that any of the legal services rendered to JHP took an unreasonable amount of time to complete. *See generally* Filing 47. Indeed, they do not address the billing spreadsheet that JHP provided at all. *See generally* Filing 47. Defendants lodge different objections. They first contend that the Court should award either no attorneys' fees, or at least a reduced fee, because JHP "obtained only partial success in this case." Filing 47 at 6–8. Defendants next argue that JHP's request for over $12,000.00 in attorney's fees is simply excessive given that the total amount prayed at summary judgment was $3,000.00 in damages and the Court ultimately awarded only $1,500.00 in damages. Filing 47 at 8. The Court will take these arguments in turn.

a. Defendants' "Partial Success" Argument

Defendants note that although JHP prayed for $3,000.00 in damages when it moved for summary judgment, the Court only granted JHP damages in the amount of $1,500.00. Filing 47 at 7. This argument misses the mark. As the Court explained in its prior Order granting summary judgment on behalf of JHP, the Court declined to award JHP the additional $1,500.00 it sought because those damages had not been established by the requisite degree of proof necessary at that stage. *See* Filing 39 at 18–19, 22. However, the Court acknowledged that "it might be possible for JHP to substantiate this sum with adequate proof at trial." Filing 39 at 22. Although JHP may have been able to proceed to trial in support of this additional $1,500.00 sum (and potentially seek to gain more in attorneys' fees as a natural consequence), JHP affirmatively declined to further pursue this $1,500.00 sum at trial. Filing 40. Therefore, while it is true that JHP did not garner the full damages sum it sought at summary judgment, it was fully successful in establishing Defendants' liability on the underlying claim. This is quite different from a situation where a plaintiff prevails on one claim but not the other. *See e.g.*, *Brewington v. Keener*, 902 F.3d at 796, 799 (8th Cir. 2018); *cf.* *Hensley v. Eckerhart*, 461 U.S. 424, 440, (1983) (noting that in calculating attorney's fees under 42 U.S.C. § 1983 "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee"). The Court will not penalize JHP because it affirmatively declined to pursue an additional $1,500.00 by proceeding to a federal trial, even though it might have been able to do so.

b. Defendants' "Windfall" Argument

Defendants also contend that if the Court were to award JHP the more than $12,000.00 it seeks in attorneys' fees, this would amount to an impermissible windfall given that it only sought $3,000.00 in damages at the time it moved for summary judgment and the Court ultimately

awarded $1,500.00. *See* Filing 47 at 8. In support of their overarching position, Defendants cite *Farrar v. Hobby*, 506 U.S. 103, 104 (1992). Filing 47 at 6. There, the Supreme Court noted that the plaintiffs only "received nominal damages instead of the $17 million in compensatory damages that they sought." It explained that an award of nominal damages "does not affect the prevailing party inquiry, [but] it does bear on the propriety of fees awarded" under the statute applicable to that case. *Id.* The Supreme Court went on to state that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* at 115 (internal citation omitted).

This case is different. Unlike *Hobby*, the Court's award of $1,500.00 was not "nominal" in nature. *See* *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800 (2021) (explaining that nominal damages are those "awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages"). Here, "[t]he award [was] based on a specific theory of compensation, providing [JHP] with the licensing fee it otherwise would have received had the [Defendants] lawfully bought the right to distribute the Program." *G&G Closed Cir. Events, LLC v. Castillo*, No. 1:14-CV-02073, 2020 WL 7025141, at *5 (N.D. Ill. Nov. 30, 2020) (emphasis in original); *see also* Filing 39 (noting that the Court awarded "JHP $1,500.00 in actual damages pursuant to 47 U.S.C. § 553(c)(3)(A)(i) based on the total amount in sublicensing fees that Defendants should have paid"). Moreover, the Court is aware of at least one piracy case where a district court awarded attorneys' fees in an amount that exceeded the compensatory damages by over 3,947%—and that was even after the court cut the lodestar in half. *See* *Castillo*, 2020 WL 7025141, at *6.[4] By comparison, JHP is seeking attorneys' fees in an

[4] In *Castillo*, the Northern District of Illinois reduced the lodestar amount by 50% where the plaintiffs initially sought damages in the amount of $300,000.00 but were only awarded $800.00 following a jury trial. *Castillo*, 2020 WL 7025141, at *6. Following this $800.00 award, the plaintiffs in *Castillo* then sought $ 237,556.00 in attorneys'

amount that surpasses its compensatory damages by approximately 801%. See Filing 43 at 5 (requesting attorneys' fees in the amount of $12,015.00).

Defendants also cite the Eighth Circuit's decision in *Brewington* in support of its argument that a reduction in attorney's fees is appropriate. *See* Filing 47 at 7 (citing *Brewington*, 902 F.3d at 796). In that case, the plaintiff prevailed in his claim against one of the defendants in his individual capacity as the result of a default judgment. 902 F.3d at 799. However, the district court granted summary judgment in favor of the other defendant who had been sued by the plaintiff. *Id.* The district court awarded the plaintiff $38,693.67 in compensatory damages and $75,000.00 in punitive damages against the liable defendant. *Id.* at 800. When the plaintiff later sought $41,920.00 in attorneys' fees, "the district court reduced the award to $16,500, citing duplicative work" and the result obtained in determining the reasonableness of the award. *Brewington*, 902 F.3d at 805. On appeal, the plaintiff's "attorneys conceded to some amount of duplicative work" and, "[g]iven the limited success in [that] case, [the Eighth Circuit found] that a significant reduction in attorneys' fees [was] appropriate." *Id.* *Brewington* does little for Defendants' position because they have not advanced an argument—much less pointed to any evidence—that JHP's counsel engaged in duplicative work.

It is also important to note that Defendants' litigation strategy played a significant role in causing JHP to incur additional legal expenses that could have been avoided. Had Defendants submitted just one timely opposition brief—as should have happened—this alone would have

fees. *Id.* After making some other reductions, the district court calculated the lodestar to be $63,166.00. *Id.* The Court then concluded that "[t]o take a case through a federal jury trial to end-up with a $800 recovery does not justify a full lodestar amount" and cut the lodestar amount in half for a final attorneys' fee award of $31,583.00. *Id.*

saved JHP's counsel from performing at least 3.6 hours of legal work.[5] This is no small figure; it represents over 9% of the work that JHP's counsel performed in connection with the entire case. *See* Filing 43-5 at 2 (claiming 38.5 hours of work performed by counsel). JHP has also provided evidence showing that some of Defendants' initial discovery responses were insufficient, requiring JHP's counsel to devote additional time and resources to this action. *See* Filing 43-2 at 1–11; Filing 25 (Text Order); Filing 27 (Text Order).[6] Defendants have only themselves to blame for these hours that JHP's counsel were required to spend as a result of Defendants' piecemeal litigation.

*3. Lodestar Calculation*

Having dispensed with Defendants' arguments, the Court further notes that it finds JHP's billing sheet to reflect a reasonable number of hours worked. *See generally* Filing 43-5. The Court therefore reaches the following lodestar calculations. Based upon the services expended by the paralegal assigned to this case, the Court finds that JHP is entitled to fees in the amount of $465.00. This reflects 3.1 hours of work at an hourly rate of $150.00. Based upon the services expended by JHP's counsel, the Court finds that JHP is entitled to fees in the amount of $11,550.00. This reflects 38.5 hours of work at an hourly rate of $300.00. Therefore, in total, JHP is entitled to $12,015.00 in attorneys' fees.

---

[5] The Court arrives at 3.6 hours based on the Billing Sheet JHP provided. *See* Filing 43-5 at 2. According to it, JHP's counsel spent 0.2 hours reviewing "Defendants' Response to Plaintiff's MSJ" and 1.0 hours researching, preparing, and filing a reply brief. Filing 43-5 at 2. However, as the Court noted in a prior Order, Defendants later submitted an altogether different (and untimely) brief after realizing that the objection they raised in their first brief was erroneous. *See* Filing 39 at 3–5. JHP's counsel then expended 0.2 hours reviewing Defendants' motion to extend the deadlines for filing a responsive opposition brief and 2.2 hours researching, preparing, and filing a brief in opposition to Defendants' motion to extend this deadline. Filing 43-5 at 2.

[6] The record reveals that a hearing before a magistrate judge was scheduled for January 30, 2023. Filing 25 (Text Minute Entry). At the time the hearing was scheduled, the parties anticipated discussing discovery disputes. Filing 25 (Text Minute Entry). After the hearing was scheduled, but before it took place, Defendants completed amended discovery responses. *See* Filing 29-19 (Defendants' Amended Responses to Plaintiff's Requests for Admissions completed on January 24, 2023); Filing 29-20 (Defendants' Supplemental Answers to Plaintiff's Interrogatories). JHP then withdrew its request for a discovery dispute conference. Filing 27 (Text Minute Entry dated January 30, 2023).

*4. Costs*

JHP has also claimed $402.00 attributable to the cost for filing this action and $210.00 for the costs to effectuate service. Filing 45 at 2.[7] Rule 54(d)(1) of the Federal Rules for Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Moreover, 47 U.S.C. § 553(c)(2)(C) states that courts may "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 553(c)(2)(C). Defendants do not dispute the propriety of assessing these costs against them. *See generally* Filing 47. Thus, the Court awards JHP a combined total of $612.00 in costs.

## III. CONCLUSION

The Court awards JHP a grand total of $12,627.00 in attorney's fees and costs. Accordingly,

IT IS ORDERED:

1. JHP's Motion for Attorneys' Fees & Costs, Filing 43, is granted;
2. JHP is awarded $12,015.00 in attorney's fees against Defendants; and
3. JHP is awarded $612.00 in costs against Defendants

Dated this 30th day of June, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge

[7] JHP produced evidence showing that counsel for Defendants declined to accept service of process on behalf of Defendants. Filing 43-1 at 10–12.