IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CANTINA EL SOL, LLC, d/b/a DON GABY'S SPORTS BAR, and JOSE MANUEL ALFERES, <br><br> Defendants. | 8:22–CV–113 <br><br> ORDER ON PLAINTIFF'S MOTION TO STRIKE & DISMISS DEFENDANTS' NOTICE OF APPEAL AS UNTIMELY |

On May 10, 2023, this Court entered judgment for Plaintiff and against Defendants in the amount of $1,500.00. Filing 42 at 1. Thereafter, on June 30, 2023, the Court awarded Plaintiff attorneys' fees and costs against Defendants. Filing 49 at 14. Defendants then filed a Notice of Appeal on July 27, 2023—78 days after the Court entered judgment and 27 days after the Court entered its Order awarding attorneys' fees and costs. *See* Filing 50 at 1. In their Notice of Appeal, Defendants state that they are "appeal[ing] to the United States Court of Appeals for the Eighth Circuit from the Order of the United States District Court granting Plaintiff's Motion for Summary Judgment in full entered on June 30th, 2023." Filing 50 at 1.[1]

Plaintiff has now moved "this Court to strike and dismiss the Notice of Appeal . . . filed by Defendants . . . as it has been untimely filed[.]" Filing 54 at 1. However, the Court has no authority to grant this relief. The United States Court of Appeals for the Eighth Circuit has already docketed this case and issued an "Appeal Briefing Schedule Order." *See* Filing 52; Filing 53. This matter is now with that court. As the Eighth Circuit has explained,

---

[1] The Court notes that it did not grant Plaintiff the full relief it sought when it moved for summary judgment. Plaintiff requested $3,000.00 in damages; the Court only awarded $1,500.00. *See* Filing 39 at 24; Filing 41 at 1.

1

> We have held that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously, and that the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Johnson v. Hay*, 931 F.2d 456, 459 n.2 (8th Cir. 1991) (cleaned up).[2]

Plaintiff further asks that this Court "find Defendants' counsel personally responsible for Plaintiffs' attorneys' fees and costs incurred to research, prepare, and file this Motion and any further proceedings required to dismiss Defendants' Appeal." Filing 54 at 5. The Court will not grant this relief. To the extent Plaintiff wishes to raise its concerns with Defendants' appeal, Plaintiff may address such concerns to the Eighth Circuit. *Cf. Hay*, 931 F.3d at 459 n.2 ("If the appeal is utterly lacking in merit and for the purpose of delay only, [the appellate court] may take appropriate action"). Accordingly,

IT IS ORDERED: Plaintiff's Motion to Strike & Dismiss Defendants' Notice of Appeal as Untimely, Filing 54, is denied.

Dated this 4th day of August, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[2] *See also State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106–07 (8th Cir. 1999) (noting that "appellate jurisdiction is primarily an issue for the appellate court" and that there "the issue of appealability is in doubt, the district court should stay its hand until we resolve the issue of our jurisdiction, or remand for further clarification of that issue"); *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 668 (8th Cir. 2008) (recognizing that the Eighth Circuit has "jurisdiction to determine [its] own jurisdiction over [an] appeal").